UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. FAULTRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. SANCHEZ, et.al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-01033-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 28) |

　　　　Plaintiff Charles B. Faultry is appearing *pro se* and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Defendants' exhaustion-related motion for summary judgment, filed on July 7, 2020.

**I.**

**RELEVANT BACKGROUND**

　　　　This action is proceeding on Defendants A. Sanchez, B. Rodriguez, C. Perez, V. Maldonado, and G. Smith for excessive force in violation of the Eighth Amendment, and against E. Tindle for failure to intervene in violation of the Eighth Amendment.

　　　　On March 6, 2020, Defendants filed an answer to the complaint.  (ECF Nos. 21.)

　　　　On April 10, 2020, the Court issued the discovery and scheduling order on .  (ECF No. 25.)

As previously stated, on July 7, 2020, Defendants filed the instant exhaustion-related motion for summary judgment. Plaintiff filed an opposition on August 31, 2020, and Defendants filed a reply on September 4, 2020. (ECF Nos. 31, 32.) Accordingly, Defendants' motion for summary judgment is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A.   Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory unless unavailable. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." Id. at 90-91. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The failure to exhaust is an affirmative defense, and the defendant or defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. at 216; Albino v.

2

1   Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear on the
2   face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at
3   1166.  Otherwise, the defendant or defendants must produce evidence proving the failure to exhaust,
4   and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in
5   the light most favorable to the plaintiff, shows the plaintiff failed to exhaust.  Id.

6           **B.**        **Summary Judgment Standard**

7           Any party may move for summary judgment, and the Court shall grant summary judgment if
8   the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to
9   judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at
10  c1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position,
11  whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of
12  materials in the record, including but not limited to depositions, documents, declarations, or discovery;
13  or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or
14  that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P.
15  56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to
16  by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified
17  Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d
18  1011, 1017 (9th Cir. 2010).  "The evidence must be viewed in the light most favorable to the
19  nonmoving party."  Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).

20          Initially, "the defendant's burden is to prove that there was an available administrative remedy,
21  and that the prisoner did not exhaust that available remedy."  Albino, 747 F.3d at 1172.  If the
22  defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward
23  with evidence showing that there is something in his particular case that made the existing and
24  generally available administrative remedies effectively unavailable to him."  Id.  However, the
25  ultimate burden of proof on the issue of administrative exhaustion remains with the defendant.  Id.  "If
26  undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a
27  defendant is entitled to summary judgment under Rule 56."  Id. at 1166.  However, "[i]f material facts
28

are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.

### DISCUSSION

**A.    Summary of CDCR's Administrative Appeal Process[1]**

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-medical appeal or grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden

---

[1] On March 25, 2020, the grievance procedure outlined in § 3084.1, *et seq.*, was repealed effective June 1, 2020, as an emergency by the CDCR pursuant to Penal Code § 5058.3. See CCR, tit. 15, § 3084.1, ¶ 13 (June 26, 2020). However, the parties do not dispute that the events alleged in the complaint took place before the repeal took effect.

1  of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is
2  conducted by the Secretary's designated representative under the supervision of the third level
3  Appeals Chief.  Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d).  Unless the inmate grievance
4  deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR
5  Form 602 and all supporting documentation to each the three levels of review within 30 calendar days
6  of the occurrence of the event or decision being appealed, of the inmate first discovering the action or
7  decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a
8  submitted administrative appeal.  Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2),
9  3084.8(b).  When an inmate submits an administrative appeal at any of the three levels of review, the
10 reviewer is required to reject the appeal, cancel the appeal, or issue a decision on the merits of the
11 appeal within the applicable time limits.  Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e).  If an
12 inmate's administrative appeal is rejected, the inmate is to be provided clear instructions about how to
13 cure the appeal's defects.  Cal. Code Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1).  If an inmate's
14 administrative appeal is cancelled, the inmate can separately appeal the cancellation decision.  Cal.
15 Code Regs. tit. 15, § 3084.6(a)(3) & (e).

**B.    Summary of Relevant Factual Allegations of Plaintiff's Complaint**

The incidents alleged in the complaint occurred when Plaintiff was housed at Kern Valley State Prison ("KVSP").  (Compl. 1, ECF No. 1.)

On May 3, 2018, Plaintiff was returning to his cell after morning med call.  As he was walking through the rotunda, Correctional Officer A. Sanchez, unprovoked, swung open the staff bathroom door toward Plaintiff hitting Plaintiff in the face.  Plaintiff's head was jerked backwards from the powerful blow and he grabbed his face with both his hands.  (Id. at 3.)  Sanchez began throwing punches toward Plaintiff's face and head while yelling at Plaintiff not to ever spit on him.  (Id. at 3, 7.)  Sanchez was referring to an incident that occurred on September 13, 2016.

Plaintiff backed away from Sanchez and Correctional Officers B. Rodriguez, C. Perez, and V. Maldonado joined in and started hitting Plaintiff in the head and face.  Rodriguez grabbed Plaintiff by the collar and threw him to the wall between the entrance door and the medical station, while continuing to punch Plaintiff in the face and head.  Officers Sanchez, and Perez continued to hit Plaintiff in the face

5

and head. Maldonado also kicked Plaintiff in the crotch, causing Plaintiff to fall and cover himself by curling up into a fetal position. Maldonado kicked and stomped on Plaintiff's stomach and right side. (Id. at 7.) During the beating, Plaintiff lost consciousness twice. (Id. at 9.)

When Plaintiff came to he was in handcuffs and leg irons. He heard someone say that he was awake again and to hold his legs down. Correctional Officer E. Tindle was holding Plaintiff's legs down with great force and pressure. As Tindle held his legs down, the other officers started kicking and punching him in the head, face, chest, and stomach. Plaintiff noticed that Correctional Officer G. Smith had responded and he heard Smith tell the other officers to hold Plaintiff down. Smith then grabbed Plaintiff's head with both hands and began to ram his knee into Plaintiff's face while yelling at Plaintiff to stop resisting.

### C. Statement of Undisputed Material Facts[2]

1. The California Department of Corrections and Rehabilitation (CDCR) uses a program called the Inmate Appeals Tracking System (IATS) to electronically log and track inmate administrative appeals through all levels of review. (Leyva Decl. at ¶ 4; Moseley Decl. at ¶ 3.)

2. At all relevant times, CDCR and the KVSP Appeals Office had an administrative process available for inmates to submit appeals. (Leyva Decl. at ¶¶ 2-4; Moseley Decl. at ¶ 1.)

3. The KVSP Appeals Office receives, reviews, and tracks all non-medical inmate appeals submitted for first and second-level review concerning events there. Accepted first and second-level appeals are assigned a log number in the institutions' IATS system. (Leyva Decl. at ¶¶ 2, 5.)

4. CDCR's Office of Appeals (OOA) receives, reviews, and maintains inmates' non-medical appeals accepted at the third and final level of administrative review. When OOA receives an appeal, it is assigned a third level tracking number and entered into OOA's computer tracking system. (Moseley Decl. ¶¶ 2, 3.)

5. The events that are subject of this lawsuit occurred at KVSP on May 3, 2018. (Compl., ECF No. 1 at 3.)

6. Plaintiff filed the complaint on July 24, 2019. (Compl., ECF No. 1.)

---

[2] Hereinafter referred to as "UMF."

7. Plaintiff's appeal log no. KVSP-O-18-01140 was received by the KVSP Appeals Office on May 9, 2018. The appeal alleged excessive use of force by Defendants Sanchez, Rodriguez, Perez, Maldonado, Smith and Tindle occurring on May 3, 2018. It requested Defendants be investigated and fired, and also requested monetary compensation. (Leyva Decl. ¶ 7, Ex. B.)

8. Appeal log no. KVSP-O-18-01140 was referred for determination as a staff complaint, which bypassed the first level of review. In a decision at the second level of review dated June 24, 2018, the appeal was partially granted, in that an Appeal Inquiry Investigation was conducted and determined that staff did not violate CDCR policy. (Leyva Decl. ¶ 7, Ex. B.)

9. The decision in appeal log no. KVSP-O-18-01140 notified Plaintiff that if he wished to exhaust administrative remedies he must appeal to the third level of review, and that once a decision was rendered at the third level his remedies would be exhausted. (Leyva Decl. ¶ 7, Ex. B.)

10. Plaintiff's appeal log no KVSP-18-01364 was received by the KVSP Appeals Office on May 30, 2018. The appeal alleged excessive use of force by Officer Mello, occurring on May 25, 2019. (Leyva Decl. ¶ 8, Ex. C.)

11. In a decision at the second level of review on appeal log no. KVSP-18-01364, the appeal was partially granted, in that an Appeal Inquiry investigation was conducted and determined that staff did not violate CDCR policy. (Leyva Decl. ¶ 8, Ex. C.)

12. The decision in appeal log no. KVSP-18-01364 advised Plaintiff that if he wished to exhaust administrative remedies he must appeal to the third level, and that once a decision was rendered at the third level his remedies would be exhausted. (Leyva Decl. ¶ 8, Ex. C.)

13. Plaintiff submitted appeal log no. KVSP-18-01364 for third level review, and it was denied in a third level decision. (Moseley Decl. ¶ 9.)

14. Appeal log no. KVSP-O-18-01365 was received by the KVSP Appeals Office on May 30, 2018. In this appeal Faultry alleged that his shoes had been and not returned. He requested that the shoes be returned or he be compensated for their loss. (Leyva Decl. at ¶ 9, Ex. D.)

15. Appeal log no. KVSP-O-18-01365 was screened out and cancelled on July 18, 2018, because it had not been timely submitted. (Leyva Decl. at ¶ 9, Ex. D.)

16. From May 3, 2018 to July 24, 2019, no other appeals by Plaintiff with allegations involving Defendants were received at the KVSP Appeals Office or OOA. (Leyva Decl. at ¶ 10, Ex. A; Moseley Decl. at ¶ 11.)

### D. Analysis of Defendants' Motion

Defendants argue that although Plaintiff submitted an appeal about the events at issue in this action, he did not submit and/or receive a decision at the third and final level of review. Therefore, Plaintiff failed to exhaust the administrative remedies, and the action should be dismissed, without prejudice.

As an initial matter, it is undisputed that at all relevant times, CDCR and the KVSP Appeals Office had an administrative process available for inmates to submit appeals. (UMF 2.) Thus, the issue to determine is whether Plaintiff utilized the process available to him.

It is undisputed that the events at issue in this action took place on May 3, 2018. (UMF 5.) Plaintiff's appeal log no. KVSP-O-18-01140 was received by the KVSP Appeals Office on May 9, 2018. The appeal alleged excessive use of force by Defendants Sanchez, Rodriguez, Perez, Maldonado, Smith and Tindle occurring on May 3, 2018. It requested Defendants be investigated and fired, and also requested monetary compensation. (UMF 7.) Appeal log no. KVSP-O-18-01140 was referred for determination as a staff complaint, which bypassed the first level of review. In a decision at the second level of review dated June 24, 2018, the appeal was partially granted, in that an Appeal Inquiry Investigation was conducted and determined that staff did not violate CDCR policy. (UMF 8.) The decision in appeal log no. KVSP-O-18-01140 notified Plaintiff that if he wished to exhaust administrative remedies he must appeal to the third level of review, and that once a decision was rendered at the third level his remedies would be exhausted. (UMF 9.)

Thus, appeal log no. KVSP-18-01140 is his appeal of the events that are the subject of this lawsuit. (UMF 7.) However, Defendants submit the declaration of Howard E. Moseley, Associate Director of the OOA, who declares that appeal log no. KVSP-18-01140 was never received at the third and final level of review. (Moseley Decl. ¶ 10.) Defendants have meet their burden of proof for summary judgment, and the burden shifts to the plaintiff to "come forward with evidence showing that

there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino v. Baca, 747 F.3d at 1172.

In his opposition, Plaintiff contends he presented three CDCR Form 22 inmate request forms, in which he requests a third level response to the appeal. (Opp'n at 1.) Thus, it is undisputed that Plaintiff did not submit appeal log no. KVSP-18-01140 to the third and final level of review. Plaintiff's contention that he submitted CDCR Form 22 inmate request forms does not demonstrate exhaustion because he was required to file a CDCR Form 602 Inmate/Parole Appeal.[3] See Cal. Code Regs. tit. 15, § 3084.2(a) (repealed June 2020) (requirement that inmates use the Form 602 in submitted an appeal); Woodford v Ngo, 548 U.S. at 90-91 (proper exhaustion demands compliance with an agency's critical procedural rules.) The CDCR Form 22 is *not* part of the administrative appeal process. See Cal. Code Regs. tit. 15, § 3086(i) (repealed June 2020); see also Jones v. Lowder, No. 1:16-cv-01911-AWI-SAB (PC), 2018 WL 1870457, at *5-6; Packnett v. Alvarez, No. 15-cv-01229-YGR (PR), 2017 WL 4176436, at *18 (N.D. Cal. Sept. 21, 2017); Johnson v. Sweeney, No. 1:14-cv-01526-LJO-SAB (PC), 2015 WL 6082061, *6 (E.D. Cal. Oct. 13, 2015); Pelayo v. Hernandez, No. C 13-3618-RMW (PR), 2015 WL 4747831, *6-7 (N.D. Cal. Aug. 11, 2015); Coreno v. Armstrong, No. 09-cv-2504-LAB (POR), 2011 WL 4571756, *9 (S.D. Cal. July 29, 2011).

Furthermore, Plaintiff does not indicate that he actually mailed the Form 22's anywhere. Rather, he mentions having no control over the U.S. mail delivery, but he does not state that he mailed the forms. In addition, each Form 22 has boxes to check as either sent through the mail (with blanks to be filled in for the addressee and date mailed) or delivered to staff (with the staff recipient name to be listed). However, none of the forms have any of the boxes checked. (Opp'n, at pp. 5-7, Ex. 1.) This lack of evidence supports the finding that Plaintiff did not actually submit the forms. (Id.)

Nonetheless, even if Plaintiff mailed each Form 22, the mere lack of a response to them does not render the administrative remedies effectively foreclosed or unavailable as Plaintiff was not following the proper procedure. Indeed, it is undisputed that the second level appeal response

---

[3] In his opposition, Plaintiff does not admit or deny whether he received the second level decision for this appeal. However, in each of the Form 22 requests, he requests a third level response to the appeal. Thus, in order to request a third level response, Plaintiff would have had to receive the second level decision.

specifically stated, "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review.  Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted." (Leyva Decl. Ex. B.)  In addition, in each Form 22, Plaintiff writes in the box to forward it to the KVSP Appeals Coordinator.  However, a request to receive a response from the third level of review for his appeal would properly be made to CDCR's Office of Appeals, not the KVSP Appeals Office.   Further, Plaintiff's appeal record supports the finding that he was aware of the requirement to submit his appeal to the third and final level.  Plaintiff submitted appeal log no. KVSP-18-01364 (which raised an unrelated excessive force claim) to the first level of review on May 30, 2018.  (UMF 10.)  After receiving a second level decision, Plaintiff appealed to the third and final level of review on or about July 25, 2018.  (ECF No. 28-4 at p. 6.)

Based on the foregoing, the Court finds that Plaintiff neither exhausted nor demonstrated that the remedy process was rendered effectively unavailable, entitling Defendants' motion for summary judgment should be granted.  Williams v. Paramo, 775 F.3d at 1191; Albino v. Baca, 747 F.3d at 1171-72.

## IV.

## RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and
2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time

may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 6, 2020**

UNITED STATES MAGISTRATE JUDGE